```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ELAVON, INC.,                                                 :
                                                              :
                                                              :
                                    Plaintiff,                :
                                                              :   No. 1:20-cv-00908 (MKB)(RER)
             - against -                                      :
                                                              :
SILVERTOWN OF NY INC., ESTER WERZBERGER,                      :
CHAN FRIEDMAN, JOHN DOES 1-10 and ABC                         :
COMPANIES 1-10,                                               :
                                                              :
                                                              :
                                    Defendants.               :
                                                              :
                                                              :
                                                              :
--------------------------------------------------------------x
```

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO COMPEL ARBITRATION

Defendants Ester Werzberger ("Werzberger") and Chana Friedman ("Friedman") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for an order compelling arbitration of plaintiff Elavon, Inc.'s ("Elavon" or "Plaintiff") claims against them.

## PRELIMINARY STATEMENT

Plaintiff entered into an agreement with defendant Silvertown of NY Inc. ("Silvertown") to serve as Silvertown's credit card processor. The agreement contained a provision requiring the arbitration of all claims arising out of or relating to the agreement. Plaintiff now asserts claims against Silvertown, Werzberger, and Friedman for damages arising out of and relating to the credit-card processing services that it provided to Silvertown pursuant to the agreement. Yet Plaintiff impermissibly seeks to avoid arbitration of the claims against Werzberger and Friedman, contending that they were not signatories. But, whether Georgia or New York law governs the arbitration agreement, Plaintiff is equitably estopped from avoiding arbitration on these claims.

Because Plaintiff's agreement with Silvertown provides that it is governed by Georgia law, Georgia law likely applies. Under Georgia law, the claims against Werzberger and Friedman are subject to arbitration. Georgia law equitably estops Plaintiff from litigating these claims in court for two independent reasons. First, the claims make reference to and presume the credit-card-processing agreement. Second, the claims against the Silvertown and the individual defendants arise out of interdependent and concerted misconduct by those parties. In addition, Georgia law also permits Werzberger and Friedman to enforce the arbitration provision against Plaintiff because they were agents of Silvertown. Likewise, if New York's equitable estoppel doctrine governs the arbitration provision, then the claims against Werzberger and Friedman are

2

arbitrable because they were agents of Silvertown and the claims are intimately founded in and intertwined with the credit-card-processing agreement, which contains the arbitration provision.

## BACKGROUND[1]

Elavon entered into an agreement (the "Agreement") with Silvertown pursuant to which Elavon would act as Silvertown's credit card processor. (Werzberger Decl., Ex. B.) Werzberger signed the Agreement on behalf of Silvertown. (Werzberger Decl. ¶ 3.) The Agreement contained the following arbitration provision:

> All claims or controversies, or other matters in question, between the parties arising out of or related to the Agreement or the relationship between the parties that are not otherwise settled by agreement of parties will be submitted to and decided by arbitration held in Atlanta, Georgia in accordance with the rules of the American Arbitration Association as modified by the Agreement.

(*Id.*, Ex. B at 25 [§18(g)].)

Plaintiff alleges that, under the Agreement, Silvertown was required to reimburse it for any credit card chargebacks that resulted in a refund by Plaintiff to a Silvertown customer or the card-issuing bank. (Complaint ¶ 22.) Between August 2015 and September 2016, Elavon reimbursed card-issuing banks nearly $1 million because of chargebacks on Silvertown's account. (*Id.* ¶ 28.)

The Complaint alleges that Friedman was the Chief Executive Officer of Elavon. (*Id.* ¶ 8.) The Complaint alleges that Werzberger, purporting to be Silvertown's sole owner, personally guaranteed payment of any money owed by Silvertown to Elavon on account of their agreement. (*Id.* ¶ 32.)

Plaintiff alleges that many of the transactions Silvertown submitted to Elavon beginning in November 2012 were fraudulent in that they did not represent bona fide exchanges of payment

---

[1] This background is based upon the Declaration of Ester Werzberger, as well as the allegations of the Amended Complaint, which are taken as true solely for purposes of the proposed motion to compel arbitration.

for goods or services. (*Id.* ¶ 37.) "[T]he Silvertown Defendants [*i.e.*, defendants Silvertown, Werzberger, and Friedman] or others informed the Sham Customers that if ever the Silvertown Defendants were unable to provide funds to them sufficient to pay down the debt they incurred through the Sham Transactions, they could initiate chargebacks and the Regulations required Elavon to reimburse them." (*Id.* ¶ 47.) The Sham Customers included John Does 1-10 and ABC Companies 1-10 (both referred to herein as the "John Doe defendants"). (*Id.*)

Plaintiff asserts several claims against Silvertown, Werzberger, Friedman, and the John Doe Defendants. First, Plaintiff asserts a claim for breach of contract against Silvertown based on its failure to compensate Plaintiff for the chargebacks and associated chargeback fees. (*Id.* ¶¶ 65-68.) Second, Plaintiff asserts a claim against Werzberger for breach of her guarantee of the Silvertown credit card processing agreement. (*Id.* ¶¶ 69-72.) Third, Plaintiff asserts a claim against Werzberger, Freidman, and the John Doe Defendants under New York Business Corporation Law ("BCL") § 1006(b) for failure to adjust Silvertown's affairs prior to its dissolution. (*Id.* ¶¶ 74-76.) Fourth, Plaintiff asserts a claim for fraud against the John Doe Defendants. (*Id.* ¶¶ 78-85.) Finally, Plaintiff asserts a claim for unjust enrichment against all of the defendants. (*Id.* ¶¶ 87-89.) According to Plaintiff, its reimbursement of the chargebacks "conferred a significant benefit upon the Defendants because the reimbursement extinguished the parties' debts to each other and their card issuing banks." (*Id.* ¶ 87.)

**ARGUMENT**

I. **GEORGIA LAW LIKELY GOVERNS THIS COURT'S DETERMINATION OF THE ARBITRABILITY OF THE CLAIMS AGAINST WERZBERGER AND FRIEDMAN**

It is for this Court to determine whether the arbitration provision contained in Plaintiff's credit-card-processing agreement applies to the claims against Werzberger and Friedman. *See*

4

*Raymond v. Mid-Bronx Haulage Corp.*, No. 15-cv-5803 (RJS), 2017 U.S. Dist. LEXIS 225475, at *12 (S.D.N.Y. June 10, 2017) ("Questions of arbitrability, such as whether the parties are bound by an arbitration clause or whether the clause applies to a particular type of controversy, are for a court to decide unless the parties clearly and unmistakably provide otherwise."). In making this determination, courts bear in mind "the strong federal policy – manifested in the Federal Arbitration Act ('FAA'), 9 U.S.C. § 1 *et seq.* – favoring arbitration." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 147 (2d Cir. 2004).

State law governs whether claims are arbitrable. *See Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 45-46 (2d Cir. 1993) ("When deciding whether parties agreed to arbitrate a certain matter...courts generally should apply ordinary state-law principles that govern the formation of contracts."). In particular, "[t]he Supreme Court has instructed that state law governs whether a nonsignatory may enforce an arbitration clause." *Dowe v. Leeds Brown Law, P.C.*, 419 F. Supp. 3d 748, 758 n.4 (S.D.N.Y. 2019) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009)); *see also Gilbert v. Dell Techs., Inc.*, 415 F. Supp. 3d 389, 396 (S.D.N.Y. 2019) ("A nonsignatory's ability to enforce an arbitration provision through estoppel is determined by state law."). Since the Agreement provides that "[t]he Agreement will be governed by and construed in accordance with the Laws of the State of Georgia with respect to Transactions occurring in the United States" (Werzberger Decl., Ex. B at 24 [§18(b)]), the question of whether Werzberger and Friedman can enforce the arbitration provision is most likely governed by Georgia state law.

As this is a diversity action in a New York forum, New York's choice-of-law rules apply. *See Discovery Ortho Partners, LLC v. Osseous Techs. of Am., Inc.*, No. 10 CV 1729 (HB), 2012 U.S. Dist. LEXIS 176872, at *2-3 (S.D.N.Y. Dec. 11, 2012). "Under New York law, 'it is clear

that in cases involving a contract with an express choice of law provision . . . a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction, unless there is fraud, violation of public policy, or no reasonable basis for choosing the law of the jurisdiction designated by the parties.'" *Id.* at *3 (quoting *Aramarine Brokerage, Inc. v. OneBeacon Ins. Co.*, 307 F. App'x 562, 564 (2d Cir. 2009)). Here, Elavon is a Georgia corporation, which provides a reasonable basis for choosing Georgia law. Therefore, Georgia law likely governs the arbitrability of Plaintiff's claims against Werzberger and Friedman.

## II. UNDER GEORGIA LAW, THE CLAIMS AGAINST WERZBERGER AND FRIEDMAN ARE SUBJECT TO ARBITRATION

Georgia law allows Werzberger and Friedman to enforce the Agreement's arbitration provision against Elavon because of equitable estoppel and because of their role as agents of Silvertown. Georgia law recognizes the doctrine of equitable estoppel as an exception to the general rule that only parties to a contract may enforce the contract. Under Georgia law, "[e]quitable estoppel allows a nonsignatory to an arbitration agreement to compel a signatory . . . to arbitrate in some cases, specifically '(1) when the claims relate to the contract or (2) when the claims against the signatory and the nonsignatory arise out of interdependent and concerted misconduct by those parties.'" *Blue Cross & Blue Shield of Ga., Inc. v. DL Inv. Holdings, LLC*, No. 1:18-cv-01304, 2018 U.S. Dist. LEXIS 210899, at *11 (N.D. Ga. Dec. 14, 2018) (quoting *Autonation Fin. Servs. Corp. v. Arain*, 264 Ga. App. 755, 592 S.E.2d 96, 99 (Ga. Ct. App. 2003)). The claims against Werzberger and Friedman meet both of these criteria for equitable estoppel.

First, because Plaintiff's claims against Werzberger and Friedman "make[] reference to or presume[] the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate." *Order Homes, LLC v. Iverson*,

6

300 Ga. App. 332, 338, 685 S.E.2d 304, 310 (2009). Plaintiff's claim against Werzberger for breach of the guarantee is based upon an alleged guarantee *of the Agreement*. Likewise, the claim against Werzberger and Friedman pursuant to BCL § 1006(b) refers to and presumes the Agreement. Under BCL § 1006(b), Plaintiff seeks to hold Werzberger and Friedman "liable for Silvertown's liabilities" (Compl. ¶ 76), which were allegedly incurred as a result of, and under the terms of, the Agreement. Likewise, the unjust enrichment claims against Werzberger and Friedman are based upon and presume the existence of the Agreement. The alleged enrichment occurred only because of the credit card processing agreement, and the enrichment came at the expense of Plaintiff – that is, Plaintiff needed to make payments as a result of the chargebacks – only because of the Agreement. Moreover, the claim for unjust enrichment is asserted against all defendants, that is, against Silvertown, Werzberger, and Friedman alike.

Second, the claims against Silvertown and against Werzberger and Friedman arise out of allegations of interdependent and concerted misconduct by those parties. The alleged liability of Silvertown arises only because of the actions of Werzberger and Friedman in the chargeback scheme. Likewise, the alleged liability of Werzberger and Friedman is inextricably linked to Silvertown. Their scheme involved the wrongful exploitation, by Silvertown *and* the two individual defendants, of the credit card processing arrangement with Plaintiff. The allegations of misconduct against those three parties cannot be disentangled.

In addition to satisfying these independently sufficient criteria for invoking the Agreement's arbitration provision, the claims against Werzberger and Friedman are also arbitrable because the individual defendants were agents of Silvertown. Under Georgia law, "[a]s employees and representatives of [the nonsignatory defendant], [the signatory defendants] are likewise governed. Because a principal is bound under the terms of a valid arbitration clause,

its agents, employees, and representatives are also covered under the terms of such agreements."

*Comvest v. Corp. Sec. Grp.*, 234 Ga. App. 277, 281, 507 S.E.2d 21, 25 (1998).[2]

### III. THE CLAIMS AGAINST WERZBERGER AND FRIEDMAN ARE ALSO ARBITRABLE UNDER NEW YORK LAW

If New York law applies, then the claims against Werzberger and Friedman are likewise arbitrable. Because there is limited New York authority with respect to enforcement of an arbitration agreement by nonsignatories, the Second Circuit and district courts have applied general principles of contract law to this question in New York diversity cases. *See Dowe*, 419 F. Supp. 3d at 758 n.4 (S.D.N.Y. 2019) ("The arbitration clauses at issue here provide that they are governed by New York law. No party has cited New York law concerning the ability of nonsignatories to enforce a contract, and the Court has located only limited New York authority on point. *See Huntsman Int'l LLC*, 80 N.Y.S.3d at 43. This Opinion thus relies on the Second Circuit cases, which represent general principles of contract law.").

These courts have concluded that, "[u]nder the doctrine of equitable estoppel, a non-signatory can compel arbitration where (i) there is a close relationship between the parties and controversies involved and (ii) the signatory's claims against the non-signatory are intimately founded in and intertwined with the underlying agreement containing the arbitration clause." *Fensterstock v. Educ. Fin. Partners*, 2012 U.S. Dist. LEXIS 124571, at *11 (S.D.N.Y. Aug. 30, 2012) (quotation marks and citation omitted). An agent relationship – such as the roles of Werzberger and Friedman – is sufficient to meet the first requirement. *See Fensterstock*, 2012 U.S. Dist. LEXIS 124571 at *12-13 ("The Second Circuit has held that an agent of a signatory to a contract is one of the parties entitled to invoke the arbitration provisions."). And, as explained

---

[2] To the extent that Plaintiff seeks to challenge the enforceability of the arbitration provision on other grounds, such challenges must be brought in a Georgia court, as required by the arbitration provision itself. (Werzberger Decl., Ex. B at 26 [§18(g)].)

above, Plaintiff's claims against Werzberger and Friedman are intimately founded in and intertwined with the Agreement, which contains the arbitration clause. Thus, under the general contract principles applicable in New York diversity cases, the claims against Werzberger and Friedman would also be arbitrable.

## CONCLUSION

For the reasons set forth in this memorandum of law, the Court should compel arbitration of Plaintiff's claims against defendants Werzberger and Friedman.

Dated: New York, New York
       July 15, 2020

>BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
>
>By:   /s/ Yitzchak Eliezer Soloveichik
>      Yitzchak Eliezer Soloveichik (YS9703)
>      60 East 42nd Street, Suite 4600
>      New York, New York 10165
>      (212) 697-6484
>      soloveichik@bgandg.com
>      *Attorneys for Defendants Chana Friedman*
>      *and Ester Werzberter*