# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ELAVON, INC.<br><br>       Plaintiff,<br><br>          v.<br><br>SILVERTOWN OF NY, INC.,<br>ESTER WERZBERGER and CHANA<br>FRIEDMAN,<br><br>       Defendants. | Civil Action No.: 1:20-cv-00908-MKB-RER |

# PLAINTIFF'S BRIEF IN SUPPORT OF
# ITS MOTION FOR SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................... 1

II.  STATEMENT OF RELEVANT MATERIAL FACTS .................................... 2

III. LEGAL ARGUMENT ..................................................................... 6

    A. Standard Applicable to the Motion........................................... 6

    B. Elavon is Able to Meet the Requirements of the Federal Arbitration Act For Confirmation of Arbitral Awards........................................... 7

    C. Defendants are Time-Barred From Seeking Vacation or Modification of Arbitrator Brownlee's Final Award.......................................... 11

IV.  CONCLUSION............................................................................ 12

# TABLE OF AUTHORITIES

## Cases

*Aeronautical Indus. Dist. Lodge 91 v. U. Tech. Corp.*,
　230 F.3d 569 (2d Cir. 2000) ................................................................ 7

*Anglim v. Vertical Grp.*,
　2017 WL 543245, 2017 U.S. Dist. LEXIS 19155 (S.D.N.Y. Feb. 10, 2017) ..... 11

*Bear, Stearns & Co., Inc., Bear Stearns Sec. Corp. v. 1109580 Ontario, Inc.*,
　409 F.3d 87 (2d Cir. 2005) ................................................................ 10

*Cortez Byrd Chips v. Bill Harbert Constr. Co.*,
　529 U.S. 193 (2000) .......................................................................... 9

*D.H. Blair & Co. v. Gottdiener*,
　462 F.3d 95 (2d Cir. 2006) .................................................................. 6

*Florasynth, Inc. v. Pickholz*,
　750 F.2d 171 (2d Cir. 1984) ................................................................ 6

*Huminski v. Corsones*,
　396 F.3d 53 (2d Cir. 2005) .................................................................. 6

*Idea Nuova, Inc. v. GM Licensing Group, Inc.*,
　617 F.3d 177 (2d Cir. 2010) ................................................................ 8

*Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*,
　196 F.3d 117 (2d Cir. 1999) ................................................................ 6

*Smiga v. Dean Witter Reynolds, Inc.*,
　766 F.2d 698 (2d Cir. 1985) ................................................................ 9

*Triomphe Partners, Inc. v. Realogy Corp.*,
　2011 WL 3586161, 2011 U.S. Dist. LEXIS 90644 (S.D.N.Y. Aug. 15, 2011) .. 11

*Trs. of the N.E. Carpenters Health, Pension, Annuity, Apprenticeship v. ITO
Installations, Ltd.*, 2017 U.S. Dist. LEXIS 11676 (E.D.N.Y. Jan. 25, 2017) ....... 6

**<u>Statutes</u>**

9 U.S.C. § 9.................................................................................................. 7, 8, 9

9 U.S.C. § 10................................................................................................. 7, 11

9 U.S.C. § 11................................................................................................. 7, 11

9 U.S.C. § 12.................................................................................................... 11

N.Y. Business Corporation Law § 1006(b) ......................................................... 2, 4

Plaintiff Elavon, Inc. respectfully submits the following brief in support of its motion for summary judgment (the "**Motion**") against defendants Silvertown of NY, Inc., Ester Werzberger and Chana Friedman (together, the "**Defendants**"):

# I.    <u>INTRODUCTION</u>

Elavon filed this action to collect an unpaid debt owed by Silvertown. Werzberger contractually guaranteed Silvertown's debts, and Friedman was Silvertown's officer and therefore responsible for its debts pursuant to New York law.   In lieu of answering, Defendants moved to compel arbitration under the auspices of the American Arbitration Association.   The Court granted that motion.

The parties then arbitrated their dispute, and engaged in discovery that included document requests, interrogatories, depositions and third-party subpoenas. Following discovery, the parties cross-moved for summary judgment.   The arbitrator partially granted Elavon's motion and denied the Defendants' cross-motion.   Subsequently, Defendants discharged their counsel and chose not to appear at the merits hearing despite being offered significant accommodation.   The arbitrator then issued a reasoned final award in favor of Elavon.

The parties' agreement and the arbitration were subject to the Federal Arbitration Act (the "**FAA**").   The FAA provides that upon issuance of an arbitral award, courts should almost always confirm it and make it a judgment of the court. There is no reason to deny that relief here.   Moreover, a party's time limit to apply

to vacate, modify or correct an award is three months from the date of issuance. Defendants have not applied for such relief and their time to do so has expired.

Accordingly, the Court should enter the proposed enclosed judgment.

## II.   **STATEMENT OF RELEVANT MATERIAL FACTS**

The following facts are reproduced from Elavon's Statement Pursuant to Local Civil Rule 56.1:

1.      Elavon filed this action on February 20, 2020 against the Defendants (*See* Declaration of Daniel Ginzburg, Ex. 1).

2.      Elavon's Complaint asserted claims for breach of contract (against Silvertown), breach of guaranty (against Werzberger), pursuant to New York Business Corp. Law § 1006(b) (against Werzberger and Friedman), and unjust enrichment (against each of the Defendants).   (Ginzburg Decl., Ex. 1).

3.      On August 28, 2020, Defendants moved to compel arbitration pursuant to the contractual agreement between Elavon and Silvertown (the "**Agreement**"). (ECF Nos. 29-31; Ginzburg Decl., Ex. 2).

4.      The Agreement's arbitration provision states:

The Agreement will be governed by and construed in accordance with the Laws of the State of Georgia with respect to Transactions occurring in the United States, except that Section (A)(18)(g) shall be governed by the Federal Arbitration Act.

. . .

2

> All claims or controversies, or other matters in question, between the parties arising out of or related to the Agreement or the relationship between the parties that are not otherwise settled by agreement of parties will be submitted to and decided by arbitration held in Atlanta, Georgia in accordance with the rules of the American Arbitration Association as modified by the Agreement. The arbitration proceeding shall be conducted before one (1) neutral arbitrator, who shall be a member of the bar of the State of Georgia, actively engaged in the practice of law for at least ten (10) years.   The arbitrator will have the authority to award any remedy or relief that a court in Georgia could order or grant, including, without limitation, specific performance, issuance of an injunction or imposition of sanctions for abuse or frustration of the arbitration process.  .  .  .   The parties agree that the underlying agreement between the parties involves interstate commerce and that, notwithstanding the choice of law provision in Section (A)(18)(b), any arbitration shall be governed by the Federal Arbitration Act.

(Ginzburg Decl., Ex. 2 §§ 18(b), (g)).

5.      On February 22, 2021, the Court granted Defendants' motion to compel.   (*See* Ginzburg Decl., Ex. 3).

6.      On May 12, 2021, Elavon filed a Demand for Arbitration and Statement of Claim with the American Arbitration Association the ("**AAA**"), followed by an Amended Statement of Claim on August 31, 2021.   (Ginzburg Decl., Ex. 4).

7.      The parties selected Jamie Brownlee, Esq., as Arbitrator, and Ms. Brownlee entered a Scheduling Order following a Preliminary Hearing.   (Ginzburg Decl., Ex. 5).

3

8.     Silvertown did not appear at the arbitration nor participated in any of the proceedings.   (Ginzburg Decl., Ex. 7 at 1).

9.     Between August 2021 and April 2022, the parties engaged in discovery, which included document requests, interrogatories, party depositions and third-party subpoenas.   (Ginzburg Decl. ¶ 8).

10.    During her deposition, Friedman refused to any answer questions (save for her date of birth and address) on the basis of her Fifth Amendment rights. (Ginzburg Decl. ¶ 9).

11.    On April 21-22, 2022, the parties cross-moved for summary judgment before Arbitrator Brownlee.   (Ginzburg Decl. ¶ 10).

12.    On June 10, 2022, Arbitrator Brownlee issued an Order on Cross-Motions for Summary Judgment.   The Order granted Elavon's motion as to Silvertown and Werzberger with respect to its claims for breach of contract and breach of guaranty, respectively, and denied it as to the claim pursuant to Business Corporation Law § 1006(b).   The Order further denied Defendants' cross-motion for summary judgment in its entirety.   (Ginzburg Decl., Ex. 6).

13.    With the parties' consent, Arbitrator Brownlee scheduled an evidentiary hearing for June 27, 2022.   (Ginzburg Decl., Ex. 6 at 1).

14.     On June 22, 2022, counsel for Werzberger and Friedman provided notice that those Defendants would not appear in-person at the evidentiary hearing and that he was withdrawing as their counsel.   (Ginzburg Decl., Ex. 7 at 8-9).

15.     Arbitrator Brownlee inquired of counsel whether Werzberger and Friedman would appear at the evidentiary hearing if it was conducted via Zoom. (Ginzburg Decl., Ex. 7 at 7).

16.     Despite the offer of accommodation, on June 24, 2022, Werzberger and Friedman's counsel advised that his clients will not take part in the hearing. (Ginzburg Decl., Ex. 7 at 2).

17.     Elavon's counsel appeared at the hearing remotely on June 27, 2022 and presented evidence of the merits of its claim and calculation of damages. (Ginzburg Decl., Ex. 6 at 1-2).

18.     On July 21, 2022, Arbitrator Brownlee issued the Reasoned Final Award of Arbitrator.   (Ginzburg Decl., Ex. 6).

19.     The Final Award in favor of Elavon, inclusive of compensatory damages, attorney fees and costs, and the AAA and Arbitrator Brownlee's fees, was $1,094,486.92.   (Ginzburg Decl., Ex. 6 at 3-4).

20.     On November 1, 2022, Elavon filed a Supplemental Complaint against the Defendants.   (Ginzburg Decl., Ex. 9).

### III.   LEGAL ARGUMENT

#### A.   Standard Applicable to the Motion

Federal Rule of Civil Procedure 56(a) provides that a court may grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" (emphasis added).  The movant "bears the burden of showing that he or she is entitled to summary judgment." *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005).

In the context of this Motion, "the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).  Thus, a motion to confirm is essentially a motion for summary judgment that asks the Court to take notice of the fact of the award and enter judgment thereon because there are no material issues of fact to resolve.  *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-110 (2d Cir. 2006).  The "showing required to avoid summary confirmation of the award is very high." *Trs. of the N.E. Carpenters Health, Pension, Annuity, Apprenticeship v. ITO Installations, Ltd.*, 2017 U.S. Dist. LEXIS 11676, at *8 (E.D.N.Y. Jan. 25, 2017) (Shields, M.J.); *Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) ("Generally speaking, unless the award is procured through fraud or dishonesty, the

decision should not be disturbed."); *Blair*, 462 F.3d at 110 (holding that "only a barely colorable justification for the outcome reached" is necessary to confirm an award").

**B.    Elavon is Able to Meet the Requirements of the Federal Arbitration Act For Confirmation of Arbitral Awards**

As set forth above, Defendants successfully moved to compel arbitration pursuant to the Agreement, which mandates that the arbitration be governed by the FAA, 9 U.S.C. § 1, et seq.   In respect of confirming arbitral awards, the FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 U.S.C. §§ 10-11].   If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.   Here, the Agreement does not expressly state that a judgment of the court will be entered upon the arbitral award.    However, the Second Circuit has held that an arbitration agreement need not contain that express language.    In *Aeronautical Indus. Dist. Lodge 91 v. U. Tech. Corp.*, 230 F.3d 569 (2d Cir. 2000), the court held that a "district court has jurisdiction to review an arbitration award

7

where the [arbitration agreement] does not expressly provide that the arbitration is 'final and binding' *or the equivalent*[.]"   *Id.* at 575 (emphasis added).

And in *Idea Nuova, Inc. v. GM Licensing Group, Inc.*, 617 F.3d 177 (2d Cir. 2010), the court clarified that "[a]mong the equivalent ways recognized by this court is a contract provision providing for arbitration to be conducted pursuant to AAA rules." *Id.* at 181.   The parties' Agreement does expressly reference the AAA rules: "All claims or controversies, or other matters in question, between the parties arising out of or related to the Agreement or the relationship between the parties that are not otherwise settled by agreement of parties will be submitted to and decided by arbitration . . . in accordance with the rules of the American Arbitration Association as modified by the Agreement."   (Ginzburg Decl., Ex. 2 § 18(g)).   The Second Circuit held that invocation of the AAA Rules (Ginzburg Decl., Ex. 10), including Rules 7(c), 8(c) and 49(b) and (c) – each of which mention a "final award" – signifies a party's agree[ment] to binding arbitration or to the court's jurisdiction to confirm arbitral awards." *Idea Nuova*, 617 F.3d at 181.   Moreover, AAA Rule 54(c) states that "[p]arties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." *Id.*   Therefore, invocation of the AAA Rules in an arbitration agreement "satisfies the FAA's 'consent to confirmation' requirement." *Id.* at 182 (citing 9 U.S.C. § 9).

8

The Agreement between the parties here expressly invokes the AAA Rules. Therefore, pursuant to *Idea Nuova*, this Court has jurisdiction to confirm Arbitrator Brownlee's Final Award.   Indeed, 9 U.S.C. § 9 states that the Court "must" confirm the Final Award unless it is vacated, modified, or corrected.

Section 9 further states that if the parties did not "specify the court" where the award is to be confirmed, "then such application may be made to the United States court in and for the district within which such award was made."   This Motion need not be submitted to a district court in Georgia, however, because § 9 states that the application only "may" be made to the district court where the award was issued, not that it must be.   Thus, § 9 provides a permissive venue for enforcement of arbitral awards, not a mandatory one.   *See Cortez Byrd Chips v. Bill Harbert Constr. Co.*, 529 U.S. 193, 204 (2000) (treating the FAA's § 9 as "permitting, not limiting, venue choice"*); Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 706 (2d Cir. 1985) ("Once a federal court has subject matter jurisdiction [it] may confirm an arbitration award even though it was not the district where the award was granted.  . . .  We also agree . . . that the venue provision of section 9 should be read as permissive rather than exclusive.").   Here, the Court had subject matter jurisdiction when it compelled arbitration (Ginzburg Decl., Ex. 3) and pursuant to Elavon's Supplemental Complaint (*id.*, Ex. 9).   Therefore, the Court has jurisdiction to confirm the Final Award.

Further, although the Court need not delve into the merits of the Final Award, Arbitrator Brownlee's decision is supported by the law and factual circumstances. In the main, Werzberger's position throughout the arbitration was that she signed the Agreement without reading it and the signature page was possibly illegible. (Ginzburg Decl., Ex. 6 at 3).   Elavon was able to show, however, that the document was legible when Elavon received it, and was able to prove its contents by way of comparison to an exemplar copy as permitted by Georgia law.   (*Id.* at 5-6). Accordingly, Arbitrator Brownlee granted summary judgment to Elavon as against Silvertown and Werzberger.   (*Id.* at 6-8; *id.*, Ex. 7 at 1).   Moreover, Friedman invoked her Fifth Amendment rights at her deposition (*id.* ¶ 10), and chose not to appear at the merits hearing (*id.*, Ex. 7 at 1).   Based on the evidence proffered at the hearing, Arbitrator Brownlee found Friedman liable to Elavon.   (*Id.* at 2-3).

An arbitrator need not provide reasoning in support of an award.   *Blair*, 462 F.3d at 110 ("The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.").   Arbitrator Brownlee did provide a detailed rationale for each of her rulings, and therefore the Court should confirm the Final Award. *See Bear, Stearns & Co., Inc., Bear Stearns Sec. Corp. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) ("an arbitration decision must be confirmed if there is any basis for upholding the decision and [i]f there is even a barely colorable

10

justification for the outcome reached) (citation and internal quotation marks omitted)).

**C.    Defendants are Time-Barred From Seeking Vacation or Modification of Arbitrator Brownlee's Final Award**

The FAA permits district courts to vacate, modify or correct arbitral awards. *See* 9 U.S.C. §§ 10-11.   However, the FAA also prescribes a time limitation of three months to file any such application.   *Id.* § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").   Courts have construed this section as barring any application to vacate, modify or correct an award after the expiration of three months following its issuance.   *See Anglim v. Vertical Grp.*, 2017 WL 543245, 2017 U.S. Dist. LEXIS 19155, at *16 (S.D.N.Y. Feb. 10, 2017) ("The statute's three-month time limit for service is absolute: No exception to [the] three month limitations period is mentioned in [9 U.S.C. § 12].   Thus, under its terms, a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run" (modifications in original and internal quotation marks omitted)); *Pickholz*, 750 F.2d at 175 ("there is no common law exception to [section 12's] three month limitations period"); *Triomphe Partners, Inc. v. Realogy Corp.*, 2011 WL 3586161, 2011 U.S. Dist. LEXIS 90644, at *7 (S.D.N.Y. Aug. 15, 2011) ("Triomphe's petition, served three months and one day after

11

delivery of the award, is untimely.").   Moreover, a party is not able to seek vacation or modification of an award as a defense to a motion to confirm if asserted after the three-month period.   *Pickholz*,  750 F.2d at 175.

Arbitrator Brownlee issued her Final Award on July 21, 2022.   (Ginzburg Decl., Ex. 7).   Three months have elapsed since then and Defendants have not moved to vacate or modify the Final Award.   Therefore, they are now time-barred from seeking that relief.

## IV.   CONCLUSION

For these reasons, Elavon respectfully requests that the Court confirm the Final Award and enter the proposed judgment enclosed herewith.

Dated:        December 9, 2022

Respectfully submitted,

**THE GINZBURG LAW FIRM, P.C.**

/s/ *Daniel Ginzburg*
By:     Daniel Ginzburg
Mailing Address
200 Village Center Drive, Unit 7045
Freehold, New Jersey 07728
(732) 284-3841 (tel)
daniel@ginzburglawfirm.com
*Counsel to Plaintiff Elavon, Inc.*

12