UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ELAVON, INC,

                Plaintiff,

      v.

SILVERTOWN OF NY, INC., ESTER
WERZBERGER, and CHANA FRIEDMAN,

                Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-908 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Elavon, Inc. commenced the above-captioned action on February 20, 2020 against Defendants Silvertown of NY, Inc. ("Silvertown"), Ester Werzberger, and Chana Friedman, alleging a breach of contract claim against Silvertown, a breach of guaranty and violation of New York Business Corporation Law ("NYBCL") § 1006(b) claim against Werzberger and Friedman, and an unjust enrichment claim against all Defendants.[1] (Compl., Docket Entry No. 1.) On August 28, 2020, Werzberger and Friedman moved to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, which Plaintiff opposed.[2] By Memorandum and Order dated February 22, 2021, the Court granted the motion to compel arbitration. (Mem. & Order dated Feb. 22, 2021, Docket Entry No. 41.) On July 21,

---

    [1] Plaintiff also commenced this action against John Does 1-10 and ABC Companies. (Compl., Docket Entry No. 1.)

    [2] (Defs.' Mot. to Compel Arbitration ("Defs.' Mot. to Compel"), Docket Entry No. 29; Defs.' Mem. in Supp. of Defs.' Mot. to Compel, Docket Entry No. 29-1; Defs.' Reply in Supp. of Defs.' Mot. to Compel, Docket Entry No. 30; Pl.'s Opp'n to Defs.' Mot. to Compel, Docket Entry No. 31.)

2022, the arbitrator issued a Reasoned Final Award in favor of Plaintiff.[3]  On November 1, 2022, Plaintiff filed a supplemental complaint seeking recognition of the arbitral award against Defendants pursuant to the FAA and the common law.  (Suppl. Compl., Docket Entry No. 81.)

Plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure to confirm the July 21, 2022 Final Award.  (Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), Docket Entry No. 87.; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 88.)  For the reasons explained below, the Court grants Plaintiff's unopposed motion.

## I. Background

The following facts are undisputed unless otherwise noted.[4]  (Pl.'s Local Civ. R. 56.1 Stmt., ("Pl.'s 56.1"), Docket Entry No. 89.)

### a. Relevant parties

Plaintiff is a Georgia-based corporation authorized to transact business within the State of New York.  (Suppl. Compl. ¶ 2.)  Silvertown, a now dissolved corporation, (*id.* ¶ 8), existed pursuant to the laws of the Sate of New York, (*id.* ¶ 3).  Friedman was Silvertown's chief executive officer, (*id.* ¶ 9), and resides in New York, (*id.* ¶ 4).  Werzberger presented himself as Silvertown's owner and president, (*id.* ¶ 8), and resides in New Jersey, (*id.* ¶ 5).

---

[3] (Reasoned Final Award, annexed to Decl. of Daniel Ginzburg in Supp. of Pl.'s Mot. for Summ. J. ("Ginzburg Decl.") as Ex. 7, Docket Entry No. 90.)

[4] Defendants did not submit a counterstatement of material facts pursuant to Local Rule 56.1.  Accordingly, the Court deems uncontested and admissible Plaintiff's statements which are supported by citations to the record.  *See T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible." (citation omitted)).

### b. Arbitration proceedings

On July 22, 2010, Plaintiff and Silvertown entered into an agreement, (*id.* ¶ 8), intended "to establish a relationship between Elavon and Silvertown pursuant to which Elavon would act as Silvertown's credit card processor," (*id.* ¶ 10). Werzberger signed the contract "on behalf of Silvertown and separately signed as guarantor of Silvertown's debts under the agreement." (Order on Cross-Mots. for Summ. J. 4, annexed to Ginzburg Decl. as Ex. 6, Docket Entry No. 90.) "The Merchant Agreement provided that Silvertown was responsible for reversals of transactions between it and its customer credit card holders known as 'chargebacks.'" (*Id.*) The arbitration provision in the contract between Plaintiff and Silvertown provides that:

> [a]ll claims or controversies, or other matters in question, between the parties arising out of or related to the Agreement or the relationship between the parties that are not otherwise settled by the agreement of parties will be submitted to and decided by arbitration held in Atlanta, Georgia in accordance with the rules of the American Arbitration Association [("AAA")] . . . . The arbitration proceeding shall be conducted before one (1) neutral arbitrator, who shall be a member of the bar of the State of Georgia, actively engaged in the practice of law for at least ten (10) years. The arbitrator will have the authority to award any remedy or relief that a court in Georgia could order or grant, including, without limitation, specific performance, issuance of an injunction or imposition of sanctions for abuse or frustration of the arbitration process.

(Agreement § A.18(g), annexed to Ginzburg Decl. as Ex. 2, Docket Entry No. 90.) After Plaintiff commenced this action on February 20, 2020, (*see* Compl.), Friedman and Werzberger moved to compel arbitration of Plaintiff's claims against Defendants, (*see* Defs.' Mot. to Compel; Pl.'s 56.1 ¶ 3), and the Court granted the motion on February 22, 2021, (Docket Entry No. 41). "On May 12, 2021, [Plaintiff] filed a Demand for Arbitration and Statement of Claim with the [AAA] . . . followed by an Amended Statement of Claim on August 31, 2021." (Pl.'s 56.1 ¶ 6.) The parties selected Jamie Brownlee as Arbitrator, (*id.* ¶ 7), and discovery took place

3

between August of 2021 and April of 2022, (*id.* ¶ 9). Silvertown did not participate in the arbitration proceedings. (*Id.* ¶ 8.)

On April 21 and 22 of 2022, the parties cross-moved for summary judgment before the Arbitrator. (*Id.* ¶ 11.) On June 10, 2022, the Arbitrator issued an order denying Defendants' motion and granting Plaintiff's motion for breach of contract and breach of guaranty with respect to Silvertown and Werzberger and denying Plaintiff's claim pursuant to Business Corporation Law § 1006(b). (*Id.* ¶ 12.) The Arbitrator found "that Silvertown breached the Merchant Agreement and [Plaintiff] incurred damages in the amount of $1,024,041.02." (Order on Cross-Mots. for Summ. J. 7.) In addition, the Arbitrator found that Werzberger "did not read the [Agreement] before signing or even consider what the document concerned," (*id.*), and was jointly and severally liable with Silvertown, (*id.* at 8).

The Arbitrator conducted an evidentiary hearing on June 27, 2022 and Defendants declined to participate in the hearing. (Pl.'s 56.1 ¶¶ 14, 16.) Plaintiff presented evidence of its claim and calculation of damages at the hearing, and the Arbitrator issued the Reasoned Final Award of Arbitrator on July 21, 2022. (*Id.* ¶¶ 17–18.) The Arbitrator denied Plaintiff's NYCBL § 10006 claim as to Werzberger, finding that there was no evidence that Werzberger received any of Silvertown's assets. (Reasoned Final Award 2.) The Arbitrator also concluded "that around the time Silvertown ceased conducting regular business activities, Friedman received assets belonging to Silvertown in the amount of $2,850,000.00 that should have been used to pay the corporation's creditors, including [Plaintiff]." (*Id.*) Accordingly, the Arbitrator determined "that Friedmann violated NYBCL § 10006 and is liable for Silvertown's debt to [Plaintiff]." (*Id.* at 3.) The Arbitrator determined that "[t]he Final Award in favor of [Plaintiff], inclusive of

4

compensatory damages, attorney fees and costs, and the AAA and Arbitrator Brownlee's fees, was $1,094,486.92." (Pl.'s 56.1 ¶ 19.)

## II. Discussion

### a. Standard of review

When a motion to confirm an arbitration award is accompanied by a record, "the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2005). "The role of a district court in reviewing an arbitration award is narrowly limited and arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act." *Kellner v. Amazon*, No. 22-CV-734, 2023 WL 2230288, at *1 (2d Cir. Feb. 27, 2023) (quoting *Kolel Beth Yechiel Mechill of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013)); *see also Andes Petro. Ecuador Ltd. v. Occidental Expl. and Prod. Co.*, No. 21-CV-3039, 2023 WL 4004686, at *2 (2d Cir. June 15, 2023) (quoting *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007)).  Where a motion for summary judgment is unopposed, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).  "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014) (citing *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).  "In doing so, the court may rely on other evidence in the record even if uncited." *Id.* (citing Fed. R. Civ. P. 56(c)(3)).

"[C]onfirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co.*, 462 F.3d at 110 (first quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); and then quoting 9 U.S.C. § 9); *see also Trs. of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund v. A.J.S. Project Mgmt., Inc.*, No. 19-CV-711, 2020 WL 6546212, at *2 (S.D.N.Y. Nov. 6, 2020) (quoting *D.H. Blair & Co.*, 462 F.3d at 109). "The arbitrator's rationale for an award need not be explained, . . . [o]nly 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *D.H. Blair & Co.*, 462 F.3d at 110 (first quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991); then quoting *Landy Michaels Realty Corp. v. Loc. 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). Accordingly, "courts 'play only a limited role when asked to review the decision of an arbitrator.'" *Tully Constr. Co. v. Canam Steel Corp.*, 684 F. App'x 24, 26 (2d Cir. 2017) (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987)). "The award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 379 (2d Cir. 2023) (quoting *D.H. Blair & Co.*, 462 F.3d at 110).

  **b. The Court confirms the arbitration award**

Plaintiff argues that the Arbitrator's decision "is supported by the law and factual circumstances." (Pl.'s Mem. 10.)  Plaintiff notes that the Arbitrator provided "a detailed rationale for each of her rulings" despite not being required to do so. (*Id.* at 10.)  In addition, Plaintiff argues that Defendants are time-barred from moving to vacate, modify, or correct the

6

arbitral award because more than three months have passed since the Arbitrator issued the Final Award. (*Id.* at 11–12.)

Plaintiff's motion to confirm the arbitration award is accompanied by the contractual agreement between Plaintiff and Silvertown, Plaintiff's Demand for Arbitration and Statement of Claim, the Reasoned Final Award of the Arbitrator, and the AAA's Commercial Arbitration Rules and Mediation Procedures. (*See generally* Ginzburg Decl.) The arbitration award is supported by the record. The Arbitrator issued an initial ruling after considering the undisputed facts, (*see* Order on Cross-Mots. for Summ. J.), and issued a final ruling only after an evidentiary hearing where all parties were able to testify and present evidence, (*see* Reasoned Final Award). Given the evidence adduced by Plaintiff in support of its claims, the Arbitrator properly rendered judgment for Plaintiff. Accordingly, the Court grants Plaintiff's motion to confirm the arbitration award in the amount of $1,094,486.92. *See Viamedia, Inc. v. WideOpenWest Fin., LLC*, No. 20-CV-4064, 2021 WL 3550236, at *1 (S.D.N.Y. Aug. 11, 2021) (granting an unopposed motion to confirm an arbitration award because "the arbitrator acted within the scope of his authority"); *Uber Techs., Inc. v. Bizounouya*, No. 18-CV-12120, 2019 WL 2004278, at *2 (S.D.N.Y. May 7, 2019) (granting an unopposed motion to confirm an arbitration award because of "undisputed evidence demonstrating that the arbitration was appropriate in this case and that the arbitrator acted within the scope of his authority").

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's summary judgment motion to confirm the arbitration award. The Court awards Plaintiff $1,094,486.92 pursuant to its confirmation of the arbitration award.

Dated: August 14, 2023
       Brooklyn, New York

SO ORDERED:

          s/ MKB
MARGO K. BRODIE
United States District Judge