**MANDATE**

23-1259-cv
*Elavon, Inc. v. Katz*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-five.

Present:

> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges*.

---

ELAVON, INC.,

> *Plaintiff-Appellant*,

v.                                                                    23-1259-cv

JOSEPH KATZ, JOSEPH MERING, SHLOMO KORNHAUSER, DEVORAH MERING, MORDECHAI KOHN, MORDECHAI LEVI, NAFTULI MORGENSTERN, JUDY BERGER, SARAH T. LEVI, SHLOMO BERGER,

> *Defendants-Appellees*,

SOLOMON LEVY, SUSSMAN BLEIER, ASHER JUNGREISZ, ERWIN GANZFRIED,

> *Defendants*.*

---

* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

1

| | |
|---|---|
| For Plaintiff-Appellant: | DANIEL GINZBURG, The Ginzburg Law Firm, P.C., Freehold, NJ. |
| For Defendant-Appellee Joseph Mering: | STEVEN Y. YUROWITZ (William J. Dobie, *on the brief*), YurowitzLaw PLLC, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Elavon, Inc., appeals from a judgment entered by the United States District Court for the Eastern District of New York (Margo K. Brodie, *Chief Judge*) on September 30, 2022, dismissing its complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Elavon is a credit card processor incorporated in Georgia and headquartered in Tennessee. In 2010, it entered into a contract to provide credit card processing services to Silvertown of NY, Inc., a silver store located in Brooklyn, New York. The contract obligated Silvertown to reimburse Elavon for customer "chargebacks," which are reversals of a credit card transaction between a merchant and a customer that occur when a customer disputes the transaction. According to Elavon, a typical chargeback proceeds as follows: When a customer's dispute is substantiated, the credit card processor issues a payment equal to the transaction cost to the customer's credit card-issuing bank, which in turn reimburses the customer, and then the processor seeks repayment from the merchant, which still holds the original payment. Pursuant to the processing rules set forth by credit card networks such as Visa and American Express, credit card processors are responsible for reimbursing customers for chargebacks regardless of whether the processors can obtain

repayment from the merchants. Elavon alleges that the defendants,[1] holding themselves out as bona fide customers of Silvertown, exploited the credit card processing rules by participating in a fraudulent chargeback scheme with Silvertown between August 2015 and September 2016. Specifically, Elavon alleges that (1) the defendants made sham credit card purchases from Silvertown, (2) the defendants then initiated chargebacks for which Elavon issued more than $1 million in reimbursements, and (3) Silvertown failed to repay Elavon for those reimbursements, leaving Elavon "holding the bag." Appellant's Br. 7–8. In the amended complaint, which was filed on July 16, 2021, Elavon asserted claims of fraud, unjust enrichment, and conspiracy.

Several of the defendants moved to dismiss the complaint.[2] They argued that the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Elavon failed to allege that the amount in controversy with respect to each defendant was at least $75,000, as required for diversity jurisdiction under 28 U.S.C. § 1332. In the alternative, they argued that the complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) because the fraud and unjust enrichment claims are time-barred under the applicable statutes of limitations, and New York law does not recognize a standalone conspiracy claim.

The district court determined that it had subject matter jurisdiction and then proceeded to grant the defendants' motion to dismiss pursuant to Rule 12(b)(6). Applying New York's choice-

---

[1] The defendants named in the amended complaint are Erwin Ganzfried, Joseph Katz, Joseph Mering, Shlomo Komhauser, Devorah Mering, Mordechai Kohn, Mordechai Levi, Naftuli Morgenstem, Judy Berger, Sarah Levi, Shlomo Berger, Solomon Levy, Sussman Bleier, and Asher Jungreisz. The amended complaint did not name any of the defendants named in the original complaint, which included Silvertown, Ester Werzberger, Chan Friedman, John Does 1–10, and ABC Companies 1–10.

[2] Defendants Bleier, Ganzfried, Jungreisz, and Levy never appeared in this case; Elavon voluntarily dismissed its claims against them without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure in September 2023.

3

of-law rules, the district court determined that the applicable statute of limitations for Elavon's fraud and unjust enrichment claims was the shorter of the limitations under the laws of New York and Tennessee, where Elavon maintains its principal place of business.  The district court then concluded that Tennessee's three-year statute of limitations applied, and that these claims were barred because more than three years had elapsed between the latest alleged chargeback and the filing of the amended complaint.  Having dismissed Elavon's substantive claims, the district court also dismissed Elavon's conspiracy claim because it did not provide an independent basis for relief.  Further, the district court denied Elavon's request for leave to amend its complaint for a second time, reasoning that any amendment would be futile.  Elavon now appeals, arguing that the district court erred in dismissing its fraud and unjust enrichment claims as time-barred, and alternatively should grant it leave to amend.  We assume the parties' familiarity with the case.

## DISCUSSION

"We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020).[3]  Although "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove, . . . a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).  We also review *de novo* the application of the relevant statute of limitations.  *Novella v. Westchester Cnty.*, 661 F.3d 128, 143 (2d Cir. 2011).

---

[3] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

"Where jurisdiction is predicated on diversity of citizenship, a federal court must apply the choice-of-law rules of the forum state." *Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015). Under New York law, "when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *Id.* (relying on N.Y. C.P.L.R. 202). New York follows "the traditional definition of accrual—a cause of action accrues at the time and in the place of the injury." *Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529 (1999). If the "injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss." *Id.* When there is no conflict between the laws of New York and the state where the cause of action accrued, "New York courts are free to apply [New York law]." *Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004).

I.   **Dismissal of the Fraud Claim**

First, Elavon argues that the district court erred in dismissing its fraud claim as time-barred because the statute of limitations is an affirmative defense and Elavon created an issue of fact as to that defense that cannot be resolved by a pre-answer motion. According to the declaration of an Elavon vice president, Elavon's financials are "rolled up" into the financials of its parent corporation, U.S. Bank National Association, and thus "Elavon's profits and losses are attributed to U.S. Bank." Joint App'x 143. Therefore, Elavon argues, "[i]t was U.S. Bank who suffered the financial loss from Defendants' actions," and the losses were incurred in Minnesota, where U.S. Bank is headquartered. Appellant's Br. 10. It follows, Elavon continues, that Minnesota's statute of limitations for fraud claims should apply, and because that limitations period is six years, Elavon's fraud claim is timely. The district court rejected this argument, noting that Elavon

5

"cite[d] no authority for the proposition that it may avail itself of the statute of limitations of the state in which its parent corporation is located," and that at least one New York trial court had declined to accept a similar argument. *Elavon, Inc. v. Ganzfried*, No. 20-CV-908 (MKB), 2022 WL 4642718, at *7 (E.D.N.Y. Sept. 30, 2022) (citing *IKB Int'l S.A. v. Morgan Stanley*, No. 653964/2012, 2014 WL 5471650, at *3–4 (N.Y. Sup. Ct. 2014), *aff'd* 36 N.Y.S.3d 452 (1st Dep't 2016)). Elavon contends that the district court mischaracterized its argument; Minnesota's statute of limitations should apply not "merely because its corporate parent is located there," it asserts, but because Minnesota is where U.S. Bank sustained the loss. Appellant's Br. 14. This purported distinction elides the fundamental question raised by Elavon's argument: whether under New York law losses that are incurred by a plaintiff subsidiary and are eventually recorded in the financial statements of the plaintiff's non-party parent corporation are incurred by the parent for purposes of C.P.L.R. 202. Although the New York Court of Appeals has never directly addressed this question, we predict that its answer would be no.

The New York Court of Appeals has explained that, under New York law, the place of a purely economic injury to a corporation is typically limited to two options: the corporation's principal place of business or its state of incorporation. *See Glob. Fin. Corp.*, 93 N.Y.2d at 530 (declining to decide whether a court should "look[] to [a corporation's] State of incorporation or its principal place of business" to determine where the corporation resides and sustains the injury, because the plaintiff's claims were time-barred either way). To be sure, it has recognized that "a test other than the plaintiff-residence rule may apply to determine where the economic injury was sustained." *Deutsche Bank Nat'l Tr. Co. v. Barclays Bank PLC*, 34 N.Y.3d 327, 337 (2019). It has approvingly cited, for example, the "financial base" test set forth in *Lang v. Paine, Webber, Jackson & Curtis, Inc.*, 582 F. Supp. 1421 (S.D.N.Y. 1984), which held that a Canadian individual

6

plaintiff who maintained a brokerage account in Massachusetts and felt the loss of funds from that account in Massachusetts sustained the economic loss there, rather than in Canada, for purposes of C.P.L.R. 202. *Deutsche Bank Nat'l Tr. Co.*, 34 N.Y.3d at 337. But the financial base test offers no support for Elavon's position, as there is no allegation that *Elavon itself* maintained a financial base in Minnesota, much less that Elavon suffered any part of its alleged loss there.

Moreover, the Court of Appeals has never suggested that in a case involving a corporate plaintiff, a court should consider the principal place of business or state of incorporation of the plaintiff's parent corporation. Indeed, its decision in *Deutsche Bank* directly undermines this proposition. There, the Court of Appeals held that the state of residence of the plaintiff bank was the place of injury notwithstanding that the bank was a trustee suing in a representative capacity on behalf of its clients, some of whom lived in other states, and the bank's protestation (like Elavon's here) that "it did not suffer real economic loss." *Id.* at 333, 339. The court noted that the bank's clients "may have their own, separate claims" as beneficiaries of the trust, but reasoned that the bank's residence dictated the place of injury because the bank was pursuing its own claims as trustee. *Id.* at 338. Further, the court observed that applying the plaintiff-residence rule "supports [C.P.L.R 202]'s goal of predictability and 'certainty of uniform application to litigants.'" *Id.* at 339 (quoting *Glob. Fin. Corp.*, 93 N.Y.2d at 530).

Thus, even if Elavon were able to sue in a representative capacity on behalf of U.S. Bank, which it says suffered the real economic loss, *Deutsche Bank* would foreclose the argument that Minnesota is where *Elavon's* injury occurred. In any event, Elavon is suing on its own behalf, and it cannot in one breath claim an economic injury to establish standing and in the next disclaim that

7

it suffered any injury to defeat a statute of limitations defense. The district court therefore properly considered where Elavon, not U.S. Bank, sustained the alleged loss.[4]

Based on the facts alleged in the amended complaint, we are confident that the Court of Appeals would hold that the place of injury occurred at Elavon's principal place of business in Tennessee, where the economic loss would have had the greatest impact on Elavon's for-profit activities. *See Luv N' Care, Ltd v. Goldberg Cohen, LLP*, 703 F. App'x 26, 28 n.1 (2d Cir. 2017) (summary order) (concluding that "the New York Court of Appeals would likely hold that malpractice claims accrue at a corporation's principal place of business," reasoning that "an economic harm [seemingly] has greater effect on a for-profit enterprise's activities at its principal place of business rather than at its place of incorporation"). We therefore need to look no further than the face of the complaint to conclude that Tennessee's three-year statute of limitations applies to Elavon's fraud claim. *See Staehr*, 547 F.3d at 425. Accordingly, we conclude that the district court committed no error in applying Tennessee's statute of limitations and determining that the claim is time-barred because more than three years had passed between the last alleged chargeback and the filing of the amended complaint.

## II.     Dismissal of the Unjust Enrichment Claim

Second, Elavon argues that the district court erred in dismissing its unjust enrichment claim as time-barred under a three-year statute of limitations. The district court determined that the

---

[4] Elavon asserts in passing that "insofar as the district court believed that U.S. Bank was the proper party in interest, it should have granted Plaintiff's request to amend its pleading to substitute U.S. Bank as the plaintiff." Appellant's Br. 14. This perfunctory statement, which is unsupported by any meaningful argumentation or citation, is insufficient to present an issue for our review. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Moreover, given Elavon's allegations that *Elavon* was the defrauded party, and *Elavon* was injured by the defendants' misrepresentations, such an amendment would not fix the statute of limitations problem. The issue is not that U.S. Bank was the real party in interest; it is that the statute of limitations has run with respect to *Elavon's* claims. And at oral argument Elavon could not identify additional allegations it could have made that would have changed the statute of limitations analysis as to Elavon.

8

statute of limitations for an unjust enrichment claim is three years under the law of both Tennessee and New York. Elavon argues that because unjust enrichment is a quasi-contractual claim, it is subject to a six-year statute of limitations under New York law. Even if that were true, Elavon does not dispute that Tennessee's statute of limitations is three years, so the applicable limitations period would nonetheless be three years because New York courts apply the shorter limitations period. *See Thea*, 807 F.3d at 497. Accordingly, the district court did not err in determining that Elavon's unjust enrichment claim is subject to a three-year statute of limitations and dismissing the claim as time-barred.

\* \* \*

We have considered Elavon's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit